CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 06, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JERRY TREADWAY,** | )<br>) |
| Plaintiff, | )  Case No. 7:20CV00571<br>) |
| v. | )  **OPINION AND ORDER**<br>) |
| **DOCTOR MULLINS, ET AL.,** | )  JUDGE JAMES P. JONES<br>) |
| Defendants. | ) |

*Jerry Treadway, Pro Se Plaintiff; Ann-Marie White and Laura Maughan,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE AND PUBLIC SAFETY DIVISION, *Richmond, Virginia, and Lynne Jones Blain and M. Scott Fisher, Jr.,* HARMAN, CLAYTOR, CORRIGAN & WELLMAN, *Richmond, Virginia, for Defendants.*

On April 18, 2024, the court received from plaintiff Jerry Treadway a filing entitled, "Motion for Breach of Contract from VDOC Lawsuit Settlement Agreement." After review of the record and the defendants' response, I must deny Treadway's motion.

Treadway, a Virginia inmate, alleged numerous claims in this case under 42 U.S.C. § 1983 and the Americans with Disabilities Act, based upon events that occurred while Treadway was confined at Wallens Ridge State Prison. Specifically, Treadway (who is nearly completely deaf) complained, among other things, that his hearing aids were defective, that he had been denied medical attention because he could not communicate with medical staff, that no TTY/TTD phone system was

available for him to communicate with family and friends, that he needed a bottom bunk because of balance problems, and that he had problems getting batteries for his hearing aids. I dismissed the majority of his § 1983 claims in 2021. The remaining claims against four defendants I referred to the magistrate judge for mediation. On January 28 and 31, 2022, Treadway (who was then assisted by legal counsel) executed and filed stipulations of dismissal of all claims against all remaining defendants based on a settlement. On January 31, 2022, the court docketed the stipulations and closed the case. The parties did not make their settlement contingent on the court retaining subject-matter jurisdiction over the settlement terms. Indeed, the parties did not submit a copy of the Settlement Agreement or disclose its terms.

Treadway now asserts that the Settlement Agreement has been violated by the refusal of Treadway's application for a transfer to a prison closer to his family. He also seeks new hearing aids.[1]

Pursuant to the stipulations of voluntary dismissal that Treadway signed and benefitted from, this case now is dismissed with prejudice and does not cover a claim for violation of its settlement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (holding federal rules do not "provide[ ] for jurisdiction of the court

---

[1] Treadway has provided the court a copy of the Settlement Agreement. It provided, among other things, that Treadway would be transferred to the Greenville Correctional Center. That transfer occurred, and Treadway now seeks transfer to another facility. Counsel for Treadway have moved to withdraw, and I will grant their motion.

over disputes arising out of an agreement that produces [a] stipulation [of voluntary dismissal]," particularly where the relief sought is "enforcement of the settlement agreement"). I find no ground on which I could enforce the settlement agreement as Treadway requests, and no independent ground on which to base federal jurisdiction over Treadway's current motion involving issues not presented in the prior case.

It is **ORDERED** that counsel's Motion to Withdraw, ECF No. 113, is GRANTED, and Treadway's pro se motion, ECF No. 112, is DENIED for lack of jurisdiction.

ENTER: May 6, 2024

/s/  JAMES P. JONES
Senior United States District Judge